Randall B. Bateman (USB 6482) Ve
BATEMAN IP
299 South Main Street, Suite 1300
Salt Lake City, UT 84111
(801) 533-0320
rbb@batemanip.com; nml@batemanip.com

*Attorneys for Plaintiff BB Industries, LLC*

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| JENNIFER GREGORY, and individual, d/b/a VEGAS FOOD AND FUN,<br><br>         Plaintiff,<br>    vs.<br><br>PREPARED FOOD PHOTOS, INC., f/k/a/ Adlife Marketing & Communications Co, Inc.<br><br>         Defendant. | **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND COPYRIGHT MISUSE and JURY DEMAND**<br><br>Case No. 1:23-cv-00111-HCN<br><br>Judge Howard C. Nielson, Jr. |

Plaintiff Jennifer Gregory, d/b/a Vegas Food and Fun hereby alleges against Defendant, Prepared Food Photos, Inc., f/k/a Adlife Marketing & Communications Co., Inc., as follows:

**PARTIES**

1.  Plaintiff Jennifer Gregory "Gregory" is an individual residing in Davis County, Utah who does business Vegas Food and Fun.

2.  Defendant Prepared Food Photos, Inc., f/k/a Adlife Marketing & Communications, Inc. ("PFP") is a Florida corporation having a place of business in Pawtucket Rhode Island.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338(a), 2201 and 2202 and 17 U.S.C. §101 et seq. Personal jurisdiction is present as, on information and belief, Defendant licenses its copyrighted works in the state of Utah and has sent false claims of infringement into this state in an effort to obtain payments from residents of Utah.

4. Venue is proper under 28 U.S.C. § 1400(a), because as each of the Defendants resides or is found in this district.

## GENERAL ALLEGATIONS

ADLIFE MARKETING & COMMUNICATIONS CO.

5. Adlife Marketing & Communications, Inc. was a business based in Pawtucket, Rhode Island which licensed photographs of food products.

6. For years Adlife licensed its works through stock image sites such as iStock MultiAd (not Creative Outlet).

7. Adlife licensed its works without having obtained copyright registrations.

8. Sometime about 2015-2016, Adlife filed copyright registrations on its works and withdrew them from other licensing sites.

9. Adlife created its own licensing scheme wherein a company could obtain a license to all of Adlife's works for a monthly fee of $999 - $2500 with a minimum licensing term of 1 – 3 years depending on the time frame.

10. Adlife then commenced to send demand letters to everyone it could find that was using its images without determining whether those entities had obtained licenses to the images prior to Adlife removing the images from stock image websites.

11.     Adlife would routinely assert claims for statutory damages in complete disregard to whether the alleged infringer had been using the images before the registration date for image.

12.     Adlife was criticized for "copyright trolling" and in one opinion, the Court entered sanctions due to the behavior of Adlife and its counsel.  In response to a filing for default judgment in Adlife Marketing & Communs. Co. v. Buckingham Bros., 2020 U.S. Dist. LEXIS 148755 *5-6 (S.D.N.Y., August 18, 2020), the Court noted:

> Ordinarily, motions for default judgment are relatively straightforward, but due to the behavior of [Adlife], and more particularly, Plaintiff's counsel, this motion is more complex. While Liebowitz has satisfied the procedural requirements, he has failed to state a claim for statutory damages and attorney's fees. Moreover, Liebowitz has employed misleading citations and frivolous assertions in an attempt to recover an unjustifiably high amount of statutory damages and attorney's fees. Accordingly, Liebowitz and his firm are subject to sanctions under the court's inherent authority.

13.     The Court went on to impose sanctions against Adlife's attorney for frivolous assertions with respect to "(1) attorney hours, (2) hourly attorney rate" and (3) the value of Adlife's copyright."  Id.

14.     Specifically, the Court criticized the assertion that Adlife was entitled to $30,000 in statutory damages for a single photograph and noted that "'courts have found the statutory minimum of $750 to be a more appropriate award' for infringement of a single photograph when a plaintiff does not provide any evidence supporting a higher amount."  Id. at *20.

PREPARED FOODS PHOTOS

15.     Shortly thereafter Adlife converted into a Florida entity, Prepared Food Photos, Inc.  ("FPF").

3

16.     While the name changed, the abusive copyright demands did not.

17.     PFP routinely sends out demand letters to individuals and companies which it believes are infringing its works and demands a payment of $30,000 without verifying whether the person or entity has a license to use the work.

18.     In its communications, PFP represents numerous cases as awarding $30,000 in statutory damages without disclosing that the awards were made in response to a default judgment.

19.     At the same time, PFP fails to disclose decisions against Adlife wherein the Court indicated that the demand for $30,000 was unreasonable and when Adlife or PFP was awarded the statutory minimum of $750.

20.     Moreover, PFP ties its images together so a person licensing one copyrighted image is forced to license all of its copyrighted images at a rate of $999 per month for a minimum of 1 year, while many of its images are comparable to those which and be licensed for $25-$75 dollars on stock image websites.

21.     PFP refuses to prorate or divide the cost of licensing per photo – thereby tying each of its copyright works to works which are not desired.

22.     The tying arrangement of PFP results a person licensing one image from PFP paying 150-480 times the reasonable licensing fee for one of its copyrighted photographs.

## VEGAS FOOD AND FUN

23. Gregory operates a website entitled VegasFoodandFun.com wherein various Vegas attractions are promoted. Gregory gets paid a small advertising fee when visitors to her website click on ads.

24. On one page of her website, Gregory promotes Circus Circus Steakhouse.

25. The Circus Circus page had approximately 20 photographs, only one of which were claimed to be owned by PFP.

26. Circus Circus has been using the photograph since at least 2013, three years before the photograph was registered with the U.S. Copyright Office.

27. On information and belief, Circus Circus obtained a license to use the photograph before Adlife/PFP pulled its images off of various stock image websites.

28. Over the time period on which the photograph PHP alleges to own was on the Circus Circus page on Gregory's website, Gregory obtained less than $61.00 in ad revenue from the page.

29. Gregory was under the understanding that she was free to use the image to promote Circus Circus and is, at most, an innocent infringer.

30. On or about July 7, 2023, FPF sent a demand letter demanding payment of $30,000 within 21 days of the letter.

31. While Gregory has attempted to negotiate with PFP's counsel, they continue to demand amounts which are 20 to 60 times far past use what a comparable image can be licensed for with continued use.

FIRST CLAIM FOR RELIEF

(DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

32. Gregory incorporates the allegations of paragraphs 1-32 and further alleges:

33. PFP has alleged that Gregory has infringed one of its photographs.

34. PFP has directed its allegations against Gregory into this district.

35. On information and belief, PFP has contracts with residents of Utah wherein residents of Utah license photographs from the collection which PFP charges $999 per month for use rights.

36. PFP has threatened to sue Gregory if Gregory did not pay $30,000 for using one of its photographs.

37. On informationJenn and belief the photograph which PFP alleges Gregory infringed was licensed by Circus Circus.

38. To the extent that Circus Circus had a license to use the photographs, Gregory has not infringed any copyrights owned by PFP.

39. Wherefore, Gregory seeks declaratory judgment that she has not infringed any photographs owned by PFP.

SECOND CLAIM FOR RELIEF

(DECLARATORY JUDGMENT OF INNOCENT INFRINGEMENT)

40. Gregory incorporates the allegations of paragraphs 1-39 and further alleges.

6

      41.     Gregory commenced use of the photograph believing that Circus Circus had rights to use the photograph and that Gregory could use the photograph to promote Circus Circus.

      42.     To the extent that Gregory believed that she had a right to use the photograph, which was being used by Circus Circus, Gregory is an innocent infringer.

      43.     Wherefore, Gregory seeks a declaratory judgment that any infringement by Gregory was innocent.

### THIRD CLAIM FOR RELIEF

### (DECLARATORY JUDGMENT OF COPYRIGHT MISUSE)

      44.     Gregory incorporates the allegations of paragraphs 1-44 and further alleges.

      45.     PFP owns hundreds, if not thousands of copyright registrations.

      46.     In order to license one or more copyrighted photographs, PFP forces licensees to license other unrelated works which the licensee does not desire to license.

      47.     PFP's licensing scheme artificially drives up the revenue collected by PHP by leveraging its monopoly over a desired copyrighted photograph by compelling licensees to license thousands of other photographs, thereby extending PFP monopoly.

      48.     The tying of copyrighted photographs to photographs which licensees do not want is an unlawful tying arrangement and constitutes copyright misuse.

      49.     On information and belief, PHP and its predecessor Adlife have been engaging in copyright misuse since at least 2016.

50. PFP's copyright misuse has caused irreparable harm in Gregory as without the misuse Gregory would be able to license the work she used for a small fraction of what PFP is demanding.

51. For the duration of the PFP and Adlife's copyright misuse, all of the copyrights pertaining to the photographs that PHP and Adlife tied together are unenforceable.

52. Wherefore, Gregory seeks a declaratory judgment that all of PFP's copyright are unenforceable until PFP ceases its anti-competitive licensing scheme and ceases tying the ability to license any of PFP's photographs to a license of all of PFP's photographs.

53.

WHEREFORE, Plaintiff prays this Honorable Court:

A. For a declaration that Gregory has not infringed any copyright owned by PFP.

B. For a declaration that if infringement has occurred, the Gregory is an innocent infringer.

C. For a declaration that PFP has engaged in an anti-competitive licensing scheme wherein PFP tied the license of any of its photographs to a license of all of its photographs, thereby misusing its copyright monopoly to force licensees to pay for access to unwanted photographs.

D. For an award of Gregory's fees.

Plaintiff demands a trial by jury on all matters so triable.

DATED: October 4 2023.

BATEMAN IP

/s/ Randall B. Bateman
Randall B. Bateman

299 South Main Street, Suite 1300
Salt Lake City, UT 84111

*Attorney for Plaintiff Jennifer Gregory, LLC*

9