**EXHIBIT "E"**

**BATEMAN IP**
Patents • Trademarks • Copyrights
Domain Names • Licensing • Litigation

BATEMAN IP, PC

Mailing Address
Post Office Box 1319
Salt Lake City, Utah 84110

Salt Lake Office
299 S. Main St., Suite 1300
Salt Lake City, Utah

Utah County Office
180 N. University Ave., Suite 270
Provo, Utah

Tel. (801) 533-0320
mail@batemanip.com
www.batemanip.com

September 1, 2023

Via Email: lauren@copycatlegal.com

Lauren Hausman
COPYCAT LEGAL
3111 N. University Drive, Suite 301
Coral Springs, FL 33065

Re:   Prepared Food Photos, Inc. v. Vegas Food and Fun
      Our File No. 8244.VFAF.MS

Dear Ms. Hausman:

We represent Vegas Food and Fun with respect to various intellectual property matters. We have been asked to respond to the correspondence between your firm and Jennifer Gregory of Vegas Food and Fund.  We have considered your letter and have provided a settlement proposal below.  However, prior to doing so, we believe it appropriate to discuss the threat to file suit in Florida against our client.

A plaintiff seeking to establish the court's jurisdiction over a nonresident defendant must make a prima facie case of personal jurisdiction over the defendant.[1] If the defendant submits affidavits contradicting the plaintiff's allegations, the burden shifts back to the plaintiff to produce evidence proving jurisdiction.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution permits personal jurisdiction over a defendant in any State with which the defendant has "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[2] In judging minimum contacts, a court properly focuses on "the relationship among the defendant, the forum, and the litigation."[3]

The "purposeful direction" doctrine is to ensure that an out-of-state defendant is not required to defend itself for "random, fortuitous, or attenuated contacts" with the forum state.[4] The defendant's conduct and connection with the forum must be of a character that he should reasonably anticipate being haled into court there.[5]  It is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting

---

[1] *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino,* 447 F.3d 1357, 1360 (11th Cir. 2006).
[2] *Milliken v. Meyer*, 311 U.S. 457, 463 (1940).  See also, *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)
[3] *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977).  See also *Rush v. Savchuk,* 444 U.S. 320, 332 (1980).

[4] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985).

[5] Id. at 474, 105 S. Ct. at 2183; *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 567, 62 L. Ed. 2d 490 (1980).



activities within the forum State, thus invoking the benefits and protections of its laws.[6]  This requirement ensures that a defendant will not be haled into a jurisdiction as a result of random, fortuitous, or attenuated contacts, or because of the unilateral activity of a third person.[7]  Jurisdiction is proper where the defendant's contacts with the forum proximately result from actions by the defendant himself that create a "substantial connection" with the forum state.[8]   In *Yellow Pages Photogs,* the Court noted "[t]he intentional tort, in this case copyright infringement, must be "expressly aimed at the plaintiff in the forum state."[9]

      In the present case, we believe it will be highly unlikely that you will be able to demonstrate that our client's website was aimed at your client in Florida. Moreover, there is not even a good faith basis for making the assertion as required by Rule 11 of the Federal Rules of Civil Procedure.  The image was taken from Circus Circus's website and our client lacks sufficient contacts with the state of Florida to assert jurisdiction.

      Second, we believe that your monetary demand is so unreasonable that it will likely offend the court.  While we appreciate your claim to damages based on your client's licensing program, we do not believe that you will be able to substantiate damages in that manner.  Our client used a single photograph.  Your $999 licensing fee is for unlimited photographs.  We do not believe that any jury would believe that a person or company would join for the use of a single picture.  There are multiple stock websites that offer photographs of a cooked turkey with candles that are of comparable quality.  I was able to locate a dozen in 15 minutes, with memberships costs running $29.00-$50.00 per month.

      Our client appreciates that your client will be entitled to some payment based on the photograph.  However, we believe our client will have a good argument for innocent infringement – thereby lowering statutory damages to $250.00.   Adding $500.00 for the letter you sent arrives at a reasonable settlement of $750.00.   To that end, a check in the amount of $750.00 is enclosed.

---

[6]  *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 1239-40, 2 L. Ed. 2d 1283, *reh'g denied*, 358 U.S. 858, 79 S. Ct. 10, 3 L. Ed. 2d 92 (1958).

[7]  *Burger King*, 471 U.S. at 475, 105 S. Ct. at 2183; *Helicopteros*, 466 U.S. at 417, 104 S. Ct. at 1873

[8]  *Burger King*, 471 U.S. at 475, 105 S. Ct. at 2183 (quoting *McGee v. International Life Ins. Co.*, 355 U.S. 220, 223, 78 S. Ct. 199, 201, 2 L. Ed. 2d 223 (1957))

[9]  *Yellow Pages Photos v. Ziplocal*, 2012 U.S. Dist. LEXIS 100235, *19-20 (citing *Licciardello v. Lovelady*, 544 3d at 1288; *HME Providers v. Heinrich*, 2010 U.S. Dist. LEXIS 13890, 2010 WL 557106, at *4 (M.D. Fla. 2010).



CopyCat Legal  
Lauren Hausman  
September 1, 2023  
Page 3

If you deem such inadequate, please return the check.

Very truly yours,

**BATEMAN IP**

Randall B. Bateman

RBB/nb