Randall B. Bateman (USB 6482)
BATEMAN IP
299 South Main Street, Suite 1300
Salt Lake City, UT 84111
(801) 533-0320
rbb@batemanip.com; nml@batemanip.com

*Attorneys for Plaintiff Jennifer Gregory*

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| JENNIFER GREGORY, and individual, d/b/a VEGAS FOOD AND FUN,<br><br>Plaintiff,<br>vs.<br><br>PREPARED FOOD PHOTOS, INC., f/k/a/ Adlife Marketing & Communications Co, Inc.<br><br>Defendant. | **NOTICE OF INSUFFICIENCY OF EVIDENCE TO SUPPORT OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION, MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY AND MOTION FOR TO STAY REPONSE TO MOTION TO DISMISS OR IN THE ALTERNATIVE TRANSFER VENUS FOR LACK OF PERSONAL JURISDICTION UNIL AFTER RULING ON THIS MOTION**<br><br>Case No. 1:23-cv-00111-HCN<br><br>Judge Howard C. Nielson, Jr. |

COMES NOW Plaintiff, Jennifer Gregory, d/b/a Vegas Food and Fun, and hereby 1) notifies the Court of the insufficiency of evidence to support its opposition to the Defendants' Motion for Dismiss for Lack of Personal Jurisdiction, 2) moves the Court for leave to conduct

jurisdictional discovery and 3) moves the Court for a stay to its deadline to respond to Defendant's motion to dismiss or transfer venue until after the Court has ruled on this motion.

## REQUESTED RELIEF

On November 27, 2023, Defendant filed a Motion to Dismiss or in the Alternative Transfer Venue for Lack of Personal Jurisdiction. Plaintiff Jennifer Gregory notifies the Court that she is not fully able to respond to the motion and requests leave to conduct jurisdictional discovery regarding Defendant's conduct in this state. Ms. Gregory also moves for a stay in the response to the Motion to Dismiss for Lack of Personal Jurisdiction until after the Court rules on this motion. If granted, Ms. Gregory anticipates that discovery will likely be limited to written discovery and a single deposition, which is likely to take 60 days or less.

## BACKGROUND

Defendant Prepared Food Photos, Inc., f/k/a Adlife Marketing & Communications Co, Inc., has a history of abusive copyright litigation. Adlife initially made its photographs available on various stock services for very low fees.[1] Adlife then registered its copyrights, canceled its contracts with the stock photograph websites and began limiting access to its photographs to those willing to pay a $999 per month fee for access to all of the photographs in its database.[2]

---

[1] Public Citizen, Consumer Law & Policy Blog, New trolls on the block: Prepared Food Photos and Daniel DeSouza / CopyCat Legal, a copy of which is attached hereto as Exhibit A.

[2] *Id.*

Adlife then began actively pursuing those using its photographs, apparently not having kept records of those who already had licenses to use the works.[3] Adlife routinely demands $30,000 for the use of a single photograph. Moreover, Adlife uses its $999 monthly subscription fee for all of its photographs to suggest to alleged infringers that an actual damages award could be in excess of $30,000 even for use of a single photograph for which statutory damages are unavailable.

Adlife's tactics have caught the ire of district courts. In *Adlife Mktg. & Communs. Co. v. Buckingham Bros., LLC,*[4] the Court sanctioned Adlife's attorney Richard Liebowitz, in part, for seeking $30,000 in a default judgment for infringement of a single Adlife photograph. The Court noted that infringement of a single photograph would typically justify a statutory damages minimum claim of $750.[5]

The following year, Adlife changed its name to Prepared Food Photos and moved to Florida. Its new law firm, Copycat Legal, continued with the same tactics for which Mr. Liebowitz was sanctioned. It routinely demands $30,000 to settle a dispute for use of a single photograph despite the indication by the courts that such is unreasonable.

In the present case, Defendant's counsel initially demanded $30,000 and attempted to use its licensing scheme as justification for a damages award:

> Using the above cases as a guide, please keep in mind that our client exclusively operates on a subscription basis. This means that access to one (1) photograph costs

---

[3] It is believed that Circus Circus in Las Vegas, Nevada, has been licensing the photograph in dispute since 2013 and Ms. Gregory obtained the work from Circus Circus's website to promote that casino.
[4] 2020 U.S.Dist. Lexis 148755, *5-6 (N.D.N.Y. August 18, 2020)
[5] *Id.* at *21-22. (This is the amount Ms. Greggory offered Defendant to resolve the dispute.)

the same as access to the entire library of photographs. Our client makes its library available for $999.00 per month (https://preparedfoodphotos.com/featured-subscriptions/) with a minimum subscription of twelve (12) months https://preparedfoodphotos.com/terms.of.use.php. Thus, irrespective of how long you utilized the subject photograph, the *minimum* license fee that would have been owed is $11,988.00 ($999.00 x 12 months).

Consistent with the above legal authority, we believe a 3x multiplier (as punishment/deterrent effect) is appropriate, resulting in statutory damages of $35,964.00 (*for each annualized licensing period*). If your display of the aforementioned Work was for more than 1 year, then *each month* thereafter would increase our client's actual damages by $999.00 which, when trebled, would result in additional statutory damages of $2,997.00. Note that the above does not take into account any award of costs or prevailing party attorneys' fees).[6]

Ms. Gregory offered to settle for $750 consistent with the case cited above and provided a check made out to Defendant's law firm Copycat Legal.[7] While Defendant claims that Ms. Gregory's counsel hid the fact that Ms. Gregory was an individual,[8] Defendant's counsel[9] had been corresponding with Ms. Gregory directly for six weeks prior to Ms. Gregory retaining counsel. Moreover, the settlement check was drawn on Ms. Gregory's personal bank account and had Ms. Gregory's name and address in Kaysville, Utah.[10]

Knowing that Ms. Gregory was an individual residing in Utah and that Ms. Gregory's counsel was in Utah, Defendant's counsel continued to advance its settlement demands based on improper tying. Defendant's counsel responded by denying Ms. Gregory's offer and countering

---

[6] July 7, 2023, Letter of Lauren Hausman, Exhibit B (Emphasis in original).
[7] A redacted copy of the check is attached as Exhibit C.
[8] Defendant's Motion to Dismiss or in the Alternative Transfer Venue for Lack of Personal Jurisdiction (Dkt. 14) ("Motion to Dismiss"), p. 6.
[9] References herein to "Defendant's counsel" refer to counsel in Florida and not to Defendant's Utah counsel.
[10] Exhibit C.

with a demand for $17,125.  Defendant's counsel then rationalized the demand based on Defendant's licensing scheme:[11]

> My client's licensing structure is to license its whole library for $999/month, with a 12-month minimum. It does not prorate, nor would it divide the cost of licensing per photo. Even if we assume arguendo that your client is an innocent infringer, that would not matter if my client were to elect actual damages. The photograph was used from at least November 2022 till July 2023. As I mentioned, my client does not pro-rate so we would be looking at a year of lost licensing.[12]

Thus, there is no dispute that Defendant's counsel was aware that she was directing a settlement demand into Utah that was based on a licensing scheme based on improper tying of all of Defendant's copyrights.  At that time, Defendant was aware that Ms. Gregory resided in Utah, as evidenced by the check and her Utah counsel, and still attempted to coerce an excessive settlement by copyright misuse.  This was weeks before Ms. Gregory filed suit.

Unfortunately, the attempt to use a tying arrangement to inflate settlement terms with Ms. Gregory does not appear to be Defendant's first attempt to extort excessive settlement fees against Utah residents.  In May of 2022, Defendant sued Dry Lakes Ranch Beef, LLC, a cattle ranch in Parowan, Utah.[13]  In its Complaint against Dry Lakes, Be Prepared Foods discussed its licensing scheme in detail.[14]

---

[11] September 19, 2023, email of Lauren Hausman, Exhibit D.
[12] *Id*.
[13] Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co. Inc. v. Dry Lakes Ranch Beef, LLC, 0:22-cv-61007 (S.D. Fla.).
[14] *Id*. complaint, ¶¶ 7-10.  A copy of the complaint against Dry Lakes is attached hereto as Exhibit E.

Dry Lakes Ranch Beef, LLC had a single retail outlet in rural Utah and did not ship product, let alone ship it out of state.[15] As part of its Motion to Dismiss, Dry Lakes Ranch Beef submitted a declaration indicating, among other things, that Prepared Food Photos "sent a letter demanding $30,000 and a complete cessation of use of the photograph."[16] The declaration submitted by Dry Lake Ranch Beef strongly suggests that Defendant has used the licensing scheme against other contacts within the state of Utah and is very germane to whether this Court has jurisdiction over Defendant. Ms. Gregory believes that Defendant has engaged in other acts of copyright misuse in the State of Utah, but needs additional discovery to prove the extent of the misconduct within this district.

**ARGUMENT**

I.   THE COURT SHOULD ALLOW JURISDICTIONAL DISCOVERY

"When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion."[17] "A refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant. Prejudice is present where 'pertinent facts bearing on the question of jurisdiction are controverted ... or where a more satisfactory showing of the facts is necessary.'"[18]

In the present situation, Defendant claims that this Court lacks jurisdiction. Defendant claims that Ms. Gregory's assertion that "Defendant licenses its copyright works in the state of

---

[15] Declaration of Kacie Carballo in Support of Defendant's Motion to Dismiss, Exhibit F
[16] *Id.* at ¶ 17.
[17] *Sizova v. Nat. Institute of Standards and Technology*, 282 F.3d 1320, 1326 (10th Cir. 2002).
[18] *Id.*

Utah and has sent false claims of infringement into this state in an effort to obtain payments from Utah" is incorrect.[19]  Furthermore, on page 9 of its brief, Defendant asserts, "Defendant has no contacts with the State of Utah <u>and has not in any way purposefully directed its activities at the residents of the State of Utah</u>."[20]

This very strong statement appears to be very false.  Not only did Defendant engage in copyright misuse in the present case after knowing that Ms. Gregory resides in Utah, but it also certainly appears that Defendant did the same in 2022 in an attempt to extort an excessive settlement out of Dry Lakes Ranch Beef in Parowan, Utah.  Moreover, it appears the attempts to tie all of Defendant's copyrights together to inflate the settlement was conducted by the very same law firm that sent the demand letter in the present case.  In other words, Defendant's Florida counsel (who submitted a declaration in support of Defendant's motion) is fully aware that the Motion to Dismiss is materially misleading. Ms. Gregory should have the opportunity to take discovery about Defendant's activities directed to Utah to put Defendant's representations to the test.

II.  THE COURT SHOULD STAY DEADLINES ON THE DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . ."  The deadline to respond to the Motion to Dismiss for Lack of Personal Jurisdiction is Presently, the opposition deadline for the *Motion to Dismiss* is December 26, 2023 (December 25, 2023 falling on a federal holiday).  Prior to filing this

---

[19] Motion to Dismiss (Dkt. 14), p. 6
[20] *Id*. at p. 9 (emphasis added).

*Motion*, Ms. Gregory's counsel sought stipulation from Defendant's' counsel to stay the response to Defendant's motion and to conduct jurisdictional discovery. No response was received.

As the deadline is still two weeks away and the jurisdictional discovery will take approximately 60 days, Ms. Gregory submits that there is good cause to extend the deadline to respond to the Motion to Dismiss for Lack of Personal Jurisdiction. Therefore, Ms. Gregory requests that the Court grant an extension to 14 days after a ruling on if a denial and 14 days after the completion of jurisdictional discovery as permitted by the court in response to this motion.

DATED: December 13, 2023.

BATEMAN IP

/s/ Randall B. Bateman
Randall B. Bateman

299 South Main Street, Suite 1300
Salt Lake City, UT 84111

*Attorney for Plaintiff Jennifer Gregory, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve Defendant's Counsel:

Robert E. Mansfield (6272)
Megan E. Garrett (11650)
MITCHELL BARLOW & MANSFIELD, P.C.
Boston Building, 9 Exchange Place, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 998-8888
Facsimile: (801) 998-8077
Email: rmansfield@mbmlawyers.com
      mgarrett@mbmlawyers.com

/s/Randall B. Bateman