Robert E. Mansfield (6272)
Megan E. Garrett (11650)
MITCHELL BARLOW & MANSFIELD, P.C.
Boston Building, 9 Exchange Place, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 998-8888
Facsimile: (801) 998-8077
Email: rmansfield@mbmlawyers.com
        mgarrett@mbmlawyers.com

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| JENNIFER GREGORY, AN INDIVIDUAL, d/b/a VEGAS FOOD AND FUN,<br><br>  Plaintiff,<br><br>v.<br><br>PREPARED FOOD PHOTOS, INC. f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC.,<br><br>Defendant. | **OPPOSITION TO MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**<br><br>Case No. 1:23-cv-00111-HCN<br><br>Judge Howard C. Nielson, Jr. |

Prepared Food Photos, Inc. ("Prepared") opposes the Notice of Insufficiency of Evidence to Support Opposition to Motion to Dismiss for Lack of Jurisdiction, Motion for Leave to Conduct Jurisdictional Discovery and Motion for to [sic] Stay Response to Motion to Dismiss or in the Alternative Transfer Venus [sic] for Lack of Personal Jurisdiction Unil [sic] After Ruling

on this Motion ("Motion"), Dkt.16.[1]

The Motion should be denied. Plaintiff should not be granted leave to conduct jurisdictional discovery. Plaintiff has not met her burden of demonstrating that she is entitled to jurisdictional discovery or identifying with any specificity the discovery she seeks. Discovery regarding alleged copyright misuse by Prepared in the State of Utah with respect to persons other than Plaintiff is futile because it cannot establish either general or specific jurisdiction. For these reasons, as set forth more fully below, the requested discovery should be denied.

## OBJECTIONS TO STATEMENTS OF FACT[2]

Prepared objects to the "Background" section of Plaintiff's Motion because the information contained therein is impertinent and irrelevant to whether this Court has jurisdiction over Prepared in these proceedings or the relief requested in the Motion. The merits of Prepared's copyright infringement claims, and rulings from other courts sitting in other jurisdictions, are unrelated to the jurisdictional issue raised in Prepared's motion to dismiss, or Plaintiff's request for jurisdictional discovery, and provide no basis for concluding jurisdiction exists in this Court over Prepared.

Prepared objects to Exhibit A of the Motion because it is inadmissible hearsay. *See* Fed.

---

[1] Given that the opposition to Plaintiffs' motion for jurisdictional discovery is within the limited scope of counsel's appearance to contest jurisdiction, this opposition is filed subject to the objections and arguments set forth in Prepared's separately filed Motion to Dismiss. Prepared does not waive its objection to the Court's exercise of jurisdiction over Prepared and makes this filing subject to that objection.

[2] Solely for purposes of Plaintiff's Motion, Prepared provides the following responses to Plaintiff's statements of fact. Prepared expressly reserves the right to contest any of the statements of fact set forth in Plaintiff's Motion later in these proceedings. To the extent any statements of fact are not contested, they are immaterial or do not warrant a response for purposes of the Motion.

R. Evid. 802; *U.S. v. Jones*, 1994 WL 36752, *1, 19 F.3d 1444 (10th Cir. 1994) (unpublished) (affirming district court's exclusion of newspaper article as "rank hearsay"); *N.E.W. v. Kennard*, 952 F.Supp. 714 (D. Utah 1997) (concluding that a "newspaper article is hearsay not otherwise reliable or admissible"). Plaintiff's "background" section largely parrots and repeats the inadmissible hearsay statements contained in the blog posting attached as Exhibit A to the Motion. In addition to being disregarded as hearsay, these statements should be excluded based upon lack of foundation. *See* Fed. R. Evid. 602. Prepared objects to Exhibit D because it is incomplete and does not include the letter to which the September 19, 2023 email responds. *See* Fed. R. Evid. 106. Prepared objects to Exhibits E and F as they are irrelevant to the issues presented to the Court. Statements made in separate proceedings pending in the Southern District of Florida involving a Utah company's infringement have no bearing upon whether Prepared is subject to jurisdiction before this Court. *See* Fed. R. Evid. 402. As discussed below, no general jurisdiction exists and contacts unrelated to Plaintiffs' claims are not weighed in determining whether Prepared's contacts with the jurisdiction are sufficient to subject it to the Court's specific jurisdiction.

## STATEMENT OF ADDITIONAL RELEVANT FACTS

1. Prepared incorporates by reference the factual statements set forth in its separately filed motion to dismiss. *See* Dkt.14.

## ARGUMENT AND AUTHORITY

**I.  The Requested Discovery Should Be Denied As Futile Because The Facts Sought To Be Discovered Would Not Subject Prepared To Jurisdiction.**

The Motion should be denied because the facts Plaintiff seeks to discover are irrelevant to the matters presented in Prepared's motion to dismiss and, even if discovered, would not subject

Prepared to either specific or general jurisdiction. The party requesting jurisdictional discovery bears the burden of demonstrating "its legal entitlement to jurisdictional discovery" and that it will be "prejudiced by the [Court's] denial of its motion for discovery." *See Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189, n.11 (10th Cir. 2010). A party is prejudiced only "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Id.* (quotations omitted) Conclusory assertions that jurisdictional discovery is necessary "seem[] almost like an attempt to use discovery as a fishing expedition rather than to obtain needed documents" to defeat a jurisdictional defense. *See id.* at 1190 (quotations omitted). "Where jurisdictional discovery would be futile, . . . the plaintiff is not prejudiced by the denial of such discovery." *Franklin Covey Co. v. Com. Metals Co.*, Case No. 2:16-CV-1221-CW, 2017 WL 3503366, *5 (D. Utah Aug. 15, 2017) (quotation simplified; quotations omitted). Plaintiff has not made the requisite showings and the facts sought to be discovered, even if they existed, would not show the existence of either specific or general jurisdiction.

First, discovery should be denied because Plaintiff has not carried her burden of demonstrating that she is entitled to discovery or that she will be prejudiced by a denial of the discovery. Plaintiff has not identified with any specificity the information sought to be obtained or demonstrated its relevance to the jurisdictional question presented to the Court. *See Franklin Covey Co.*, 2017 WL 3503366 at *5 (denying requested discovery because the plaintiff did not allege specific facts that discovery would purportedly support). Plaintiff asserts that she believes Prepared "has engaged in other acts of copyright misuse in the State of Utah, but needs additional discovery to prove the extent of the misconduct within this district." Motion, p.6.

Plaintiff requests sixty days of discovery and asserts that the discovery "will likely be limited to written discovery and a single deposition." Motion, p.2. Plaintiff does not identify the specific facts she seeks to discover, does not identify the witness she intends to depose or the facts that witness is alleged to have, does not describe the documents or information she intends to request during discovery, and generally fails to provide any information relating to the jurisdictional discovery she seeks to conduct or how it relates to her assertions that jurisdiction exists over Prepared. In *Breakthrough Management Group, Inc.*, the court affirmed a denial of jurisdictional discovery when the plaintiff did not identify what specific documents it would have sought in discovery. *See id.* at 1189. The court noted that the plaintiff's "conclusory assertion that jurisdictional discovery was necessary" was insufficient. *See id.* (quotations omitted).

Second, discovery should be denied because information regarding purported copyright misuse is irrelevant to the jurisdictional arguments raised by Prepared and would not subject Prepared to either specific or general jurisdiction. Prepared, as a company, is subject to general jurisdiction only in "its place of incorporation and principal place of business." *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 141 S.Ct. 1017, 1024 (2021). Plaintiff does not allege that Prepared is incorporated in Utah or has its principal place of business in Utah. *See* Complaint, *passim*. Instead, Plaintiff asserts that Prepared is incorporated in Florida with "a place of business" in Rhode Island. Complaint, ¶ 2. No facts relating to alleged copyright misuse would cause Prepared to become incorporated in Utah or have its principal place of business in Utah. The requested discovery, therefore, is futile because it cannot establish general jurisdiction.

Similarly, the requested discovery relating to purported copyright misuse unrelated to

Plaintiff is futile because it cannot establish specific jurisdiction.  Before specific jurisdiction may attach, there must be a showing that the Plaintiff's claims "arise out of or relate to the defendant's contacts with the forum."  *Ford Motor Co.*, 141 S.Ct. at 1025 (quotations omitted).  Accordingly, "there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum state."  *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 264 (2017) (quotations omitted).  Otherwise, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State."  *Id.*  "[C]ontinuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity."  *Id.* (quotation simplified; quotations omitted).  In *Bristol*, the court concluded that "[t]he mere fact that *other* plaintiffs . . . allegedly sustained the same injuries" was an "insufficient basis for jurisdiction."  *See id.* at 264-65 (emphasis in original; quotations omitted).  Instead, "[w]hat is needed . . . is a connection between the forum and the specific claims at issue."  *Id.*

Prepared's alleged contacts with persons other than Plaintiff relating to photographs and circumstances that do not give rise to Plaintiff's claim are irrelevant and immaterial to establishing specific jurisdiction.  Plaintiff cannot premise specific jurisdiction on these unrelated alleged contacts with Utah.  Specific jurisdiction must instead relate to Prepared's actions relating to Plaintiff, not other potential plaintiffs or claimants.  Because the facts sought to be discovered would be insufficient to establish personal jurisdiction, the requested jurisdictional discovery is properly denied.

This case is like *Franklin Covey Co.*, 2017 WL 3503366, in which the court denied

jurisdictional discovery on the basis of futility because the facts sought to be discovered would not establish personal jurisdiction. The court noted that "[i]t is insufficient for a plaintiff seeking jurisdictional discovery to identify a category of evidence that possibly could demonstrate minimum contacts, when it is improbable that it would actually do so." *Id.* at *5 (quotation simplified; quotations omitted). The court also denied certain discovery relating to the defendant's knowledge of the plaintiff's location because the plaintiff's "location alone does not support jurisdiction" and "any resulting evidence would have no bearing on jurisdiction." *Id.* In addition, the only alleged connection between the defendant's purportedly tortious conduct and the forum was the plaintiff's presence in the forum. *Id.* Like the plaintiff in *Franklin Covey Co.*, Plaintiff's requested jurisdictional discovery is irrelevant and it is improbable that it is sufficient to establish personal jurisdiction.

## CONCLUSION

The Motion should be denied. Plaintiff has not satisfied her burden of demonstrating her entitlement to the requested discovery and jurisdictional discovery would not uncover facts to demonstrate personal jurisdiction over Prepared. Because the requested discovery is futile, it should be denied.

DATED this 27th day of December, 2023.

**MITCHELL BARLOW & MANSFIELD, P.C.**

*/s/ Robert Mansfield*
Robert E. Mansfield
Megan E. Garrett
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 27 2023, I electronically filed the foregoing **OPPOSITION TO MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY** with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

>Randall B. Bateman
>*Attorney for Plaintiff*
>rbb@batemanip.com
>nml@batermanip.com

>>*/s/Robert Mansfield*