Randall B. Bateman (USB 6482)
BATEMAN IP
299 South Main Street, Suite 1300
Salt Lake City, UT 84111
(801) 533-0320
rbb@batemanip.com; nml@batemanip.com

*Attorneys for Plaintiff Jennifer Gregory*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| JENNIFER GREGORY, and individual, d/b/a VEGAS FOOD AND FUN,<br><br>          Plaintiff,<br>   vs.<br><br>PREPARED FOOD PHOTOS, INC., f/k/a/ Adlife Marketing & Communications Co, Inc.<br><br>          Defendant. | **REPLY RE MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**<br><br>Case No. 1:23-cv-00111-HCN<br><br>Judge Howard C. Nielson, Jr. |

Plaintiff, Jennifer Gregory, d/b/a Vegas Food and Fun ("Ms. Gregory") hereby replies to

the Opposition to Motion for Leave to Conduct Jurisdictional Discovery filed by Prepared Food

Photos, Inc. ("Defendant")

## BACKGROUND

Ms. Gregory filed a lawsuit against Defendant after failed attempts to settle a copyright

dispute wherein Defendant attempted to inflate its alleged damages by improperly tying all of its

copyrights together.  As part of Gregory's settlement proposal, Gregory, through her Utah

counsel, offered to pay Defendant $750.00.  A check was provided to Defendant that had

Gergory's home address in Kaysville, Utah prominently displayed in the upper left corner.

Even after knowing that Ms. Gregory resided in Utah, Defendant continued to attempt to leverage its licensing scheme to extort an unreasonable settlement from Ms. Gregory.  Based on the attempt by Defendant to tie its individual copyright monopolies together, Ms. Gregory filed suit seeking judgment that Defendant had engaged in copyright misuse and had targeted residents of Utah with its improper conduct.

Defendant responded to the Complaint by filing a motion to dismiss for lack of personal jurisdiction.  Defendant suggested that it did not have sufficient "'minimum contacts' with the State of Utah to establish personal jurisdiction over [it]."[1]  Specifically, Defendant falsely represented to the Court: "Defendant has no contacts with the State of Utah and has not in any way purposely directed its activities at residents of the State of Utah."[2]  The pending motion was made to demonstrate the falsity of Defendant's representation to the Court.

## ARGUMENT

A.   MS. GREGORY HAS THE RIGHT TO DEMONSTRATE THAT DEFENDANT IS NOT BEING TRUTHFUL WITH THE COURT

There is a factual dispute before the Court - whether Defendant has sufficient minimum contacts with the State of Utah to justify the jurisdiction of this Court over Defendant.  The burden to demonstrate jurisdiction is on the plaintiff.  OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998).  In an effort to have this Court dismiss the

---

[1]  Defendant's Motion to Dismiss or In the Alternative Transfer Venue For Lack of Personal Jurisdiction, p.7.
[2]  Id. at p. 9.

Complaint, Defendant affirmatively represented to the Court that it has no contacts with Utah

and "has not in any way purposely directed its activities at residents of the State of Utah."[3]  This

statement is obviously false because even after Defendant became aware that Ms. Gregory

resides in Kaysville, Utah, Defendant continued to try and use its improper tying arrangement to

compel an exorbitant settlement from Ms. Gregory.  Specifically, Defendant's counsel stated:

> My client's licensing structure is to license its whole library for $999/month, with
> a 12-month minimum. It does not prorate, nor would it divide the cost of licensing
> per photo. Even if we assume arguendo that your client is an innocent infringer,
> that would not matter if my client were to elect actual damages. The photograph
> was used from at least November 2022 till July 2023. As I mentioned, my client
> does not pro-rate so we would be looking at a year of lost licensing.
>
> All that said, my client remains willing and open to amicable resolution.  It has
> proposed resolving this matter at $17,125.  Please let me know if you have any
> questions, and about returning the check – which alternatively, I would be happy
> to shred as well.[4]

There is no dispute that Defendant's counsel was aware of the check identifying Ms.

Gregory's address in Utah before sending the email.  Despite knowing this, Defendant's Florida

counsel directed settlement discussions into Utah attempting to use a tying arrangement to boost

the settlement demand.

Defendant objects to the admission of the email of counsel under Rule 106 of the Federal

Rules of Evidence.  In response to the objection, Ms. Greggory includes the prior letter of

counsel, as well as prior communications which were had between Defendant's Florida counsel

and Mr. Gregory as Exhibit G.

---

[3] *Id.*
[4] *Id.*

While Defendant was aware of Ms. Gregory being a resident of Utah prior to making the improper demand, the assertion that "Defendant has no contacts with the State of Utah and has not in any way purposely directed its activities at residents of the State of Utah"[5] is even more troubling in light of *Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co. Inc. v. Dry Lakes Ranch Beef, LLC*, 0:22-cv-61007 (S.D. Fla.).  While Defendant argues that the case filed in Florida is irrelevant,[6] Ms. Gregory strongly disagrees.

When evaluating specific personal jurisdiction under the Due Process Clause, the Tenth Circuit conducts a two-step analysis.  At the first "due process" step, a court examines "whether the non-resident defendant has 'minimum contacts' with the forum state such 'that he should reasonably anticipate being haled into court there.'" *TH Agric. & Nutrition, LLC v. Ace European Grp. Ltd.*, 488 F.3d 1282, 1287 (10th Cir. 2007) (citations omitted).

For the second step, a court determines whether the exercise of jurisdiction over the defendant offends traditional notions of fair play and substantial justice.  In other words, is the exercise of jurisdiction reasonable under the circumstances of a given case? *TH Agric. & Nutrition, LLC*, 488 F.3d at 1287.  "This analysis is fact specific." *ClearOne Commc'ns., Inc. v. Bowers*, 643 F.3d 735, 763 (10th Cir. 2011)(quoting *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010)). In assessing reasonableness, a court considers: (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in

---

[5]  Defendant's Motion to Dismiss or In the Alternative Transfer Venue For Lack of Personal Jurisdiction, p. 9.
[6] *Id.* at p. 6.

obtaining the most efficient resolution of controversies, and (5) the shared interest of the several

states in furthering fundamental substantive social policies. *Id.* at 764.

Ms. Gregory is seeking the motion for jurisdictional discovery to demonstrate that

Defendant not only used its improper tying scheme in an attempt to obtain an exorbitant

settlement from Ms. Gregory, but that Defendant has engaged in the same conduct with other

Utah residents.  In other words, Defendant should have expected to be haled into court in Utah.

Attached hereto as Exhibit H is the demand letter sent by Defendant's Florida counsel

sent to Dry Lakes Ranch Beef, LLC in Parowan, Utah.  In the letter counsel attempts to inflate

the settlement value of its claim by improperly tying the damages for use of a single photograph

to a license for all of Defendant's works.

> . . . please keep in mind our client exclusively operates on a subscription basis.  This means that access to one (1) photograph costs the same as access to the entire library of photographs.  Our client makes its library available for $999.00 per month . . . with a minimum subscription of twelve (12) months . . .  Thus, irrespective of how long you utilized the subject photograph, the ***minimum*** license fee that would have been owed is $11,988.00 ($999.00 x 12 months).[7]

The letter then goes on to misrepresent that law as to the trebling of actual damages in a

copyright matter.[8]

The existence of this letter demonstrates the need for jurisdictional discovery.  The Court

cannot rely on Defendant's representation that "Defendant has no contacts with the State of Utah

and has not in any way purposely directed its activities at residents of the State of Utah."[9]  It is

---

[7] Exhibit H, p.5

[8] *Id*.

[9]  Defendant's Motion to Dismiss or In the Alternative Transfer Venue For Lack of Personal Jurisdiction, p. 9.

apparent that the opposite is true.  Defendant has specifically targeted Utah residents with its improper licensing scheme.  Moreover, since filing the motion for jurisdictional discovery, Ms. Gregory has learned of *Prepared Food Photos, f/k/a/ Adlife Marketing & Communications Co, Inc. v. DD Buffalo, LLC d/b/a Buffalo Run Ranch,* 9:21CV81878 (S.D. FLA 2021).  DD Buffalo, LLC is a Utah limited liability company which operates Buffalo Run Ranch in Woodland, Utah. The jurisdiction and venue allegations in both Complaints are the same and there is no identification of any action by either Utah Defendant aimed at or occurring in Florida.[10] Likewise, the Complaints in both cases set forth Defendant's improper tying arrangement.[11] While Ms. Gregory has yet to receive the demand letter which Defendant sent to DD Buffalo, it is highly likely that it makes the same demands as Defendant made on Ms. Gregory and Dry Lakes Beef Ranch.

  B.  THE REQUESTED DISCOVERY IS RELEVANT TO JURISDICTION

Ms. Gregory is seeking jurisdictional discovery to determine whether there are additional attempts by Defendant to extort Utah residents into paying inflated copyright settlements by tying together all of its copyrights into a single licensing scheme.  These actions by Defendant are relevant to whether the Court has jurisdiction because the Court must consider whether the exercise of jurisdiction is reasonable under the circumstances of this case.  *See TH Agric. & Nutrition, LLC*, 488 F.3d at 1287

---

[10] Compare Exhibit I, Complaint in *Prepared Food Photos, f/k/a/ Adlife Marketing & Communications Co, Inc. v. DD Buffalo, LLC d/b/a Buffalo Run Ranch*, ¶¶ 4-5 and the Complaint in Exhibits E, ¶¶ 4-5.
[11] Compare Paragraphs 7-9 in Exhibits E and I.

For purposes of specific jurisdiction, "the Supreme Court has instructed that the 'minimum contacts' standard requires, first, that the out-of-state defendant must have 'purposefully directed' its activities at a resident of the forum state, and second, that the plaintiff's injuries must 'arise out of' [the] defendant's forum-related activities." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008)(quoting *Burger King*, 471 U.S. at 472).  The focus of this analysis is "on the relationship among the defendant, the forum, and the litigation," not "contacts between the plaintiff (or third parties) and the forum State." *Walden v. Fiore*, 571 U.S. 277, 284, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014)(internal quotation marks and citation omitted). Indeed, "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* at 285. The exercise of specific jurisdiction depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011).

A single improper act which gives rise to the plaintiff's cause of action alone "may support the exercise of personal jurisdiction over the nonresident defendant who has no other contacts with the forum." *Licciardello v. Lovelady*, 544 F.3d 1280, 1285 (11th Cir. 2008); *see also, Lewis v. Fresne*, 252 F.3d 352, 359 (5th Cir. 2001) (finding that a single phone call with the forum state constituted sufficient minimum contacts because the defendants allegedly "intentionally defrauded" the plaintiff in that communication).  The discovery sought by Ms.

Gregory, however, will make it clear that Defendant has repeatedly targeted Utah residents with its improper scheme – thereby clearly demonstrating that the exercise of personal jurisdiction over Defendant is reasonable.

Ms. Gregory should be allowed to take discovery of Defendant to determine just how many Utah residents have been subjected to Defendant's improper settlement tactics and how many have entered into agreements with Defendant in response thereto.  Ms. Gregory believes that the jurisdictional discovery will show that personal jurisdiction is reasonable based on Defendant's numerous acts of copyright misuse in Utah.

Therefore, Ms. Gregory seeks leave to take jurisdictional discovery of Defendant.

DATED: January 10, 2024.

BATEMAN IP

/s/ Randall B. Bateman
Randall B. Bateman

299 South Main Street, Suite 1300
Salt Lake City, UT 84111

*Attorney for Plaintiff Jennifer Gregory, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 10, 2024, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF, which will electronically serve

Defendant's Counsel:

Robert E. Mansfield (6272)
Megan E. Garrett (11650)
MITCHELL BARLOW & MANSFIELD, P.C.
Boston Building, 9 Exchange Place, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 998-8888
Facsimile: (801) 998-8077
Email: rmansfield@mbmlawyers.com
        mgarrett@mbmlawyers.com

/s/Randall B. Bateman