UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| JENNIFER GREGORY, an individual, d/b/a VEGAS FOOD AND FUN,<br><br>Plaintiff,<br><br>v.<br><br>PREPARED FOOD PHOTOS, INC., f/k/a/ Adlife Marketing & Communications Co, Inc.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR JURISDICTIONAL DISCOVERY (DOC. NO. 16)**<br><br>Case No. 1:23-cv-00111<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Jennifer Gregory, d/b/a Vegas Food and Fun filed this suit against Defendant Prepared Food Photos, Inc., f/k/a/ Adlife Marketing & Communications Co, Inc. ("PFP"), alleging, among other things, PFP engaged in an anti-competitive photograph licensing scheme.[1] PFP filed a motion to dismiss or transfer the complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, arguing PFP lacks sufficient minimum contacts with the State of Utah for this court to exercise personal jurisdiction over it.[2] This motion remains pending. Rather than filing a response to PFP's motion to dismiss, Ms. Gregory filed a motion seeking sixty days of jurisdictional discovery, contending she lacks sufficient evidence to properly address the personal-

---

[1] (Compl. ¶ 52, Doc. No. 2.)

[2] (Def.'s Mot. to Dismiss or in the Alternative Transfer Venue for Lack of Personal Jurisdiction ("Mot. to Dismiss") 15–18, Doc. No. 14.)

1

jurisdiction issues raised in the motion to dismiss.[3]  Ms. Gregory also seeks a stay of her deadline to respond to PFP's motion to dismiss.[4]  PFP opposes the motion, arguing Ms. Gregory has not shown she is entitled to jurisdictional discovery, and such discovery would be futile because even the discovery Ms. Gregory seeks cannot establish personal jurisdiction over PFP.[5]

Where Ms. Gregory has shown jurisdictional facts are disputed, her motion is granted to the extent it seeks leave to conduct jurisdictional discovery.  However, the motion is denied as moot to the extent it seeks to stay Ms. Gregory's deadline for responding to PFP's motion to dismiss, because the court already extended this deadline.[6]

---

[3]  (Notice of Insufficiency of Evid. to Supp. Opp'n to Mot. to Dismiss for Lack of Jurisdiction, Mot. for Leave to Conduct Jurisdictional Disc. and Mot. to Stay Resp. to Mot. to Dismiss or in the Alternative Transfer Venue for Lack of Personal Jurisdiction Until After Ruling on this Mot. ("Mot."), Doc. No. 16.)

[4] (*Id.* at 2.)

[5] (Opp'n to Mot. for Leave to Conduct Jurisdictional Disc. ("Opp'n"), Doc. No. 12 at 2.)

[6] (*See* Docket Text Order, Doc. No. 17 ("Plaintiff's deadline to respond to Defendant's 14 Motion to Dismiss is stayed pending a ruling on Plaintiff's 16 Motion for Jurisdictional Discovery.  Plaintiff's response shall be due either (1) fourteen days after a denial of the motion for jurisdictional discovery, or (2) fourteen days after the close of any jurisdictional discovery period permitted by the court.").)

## LEGAL STANDARDS

"As with other types of discovery, district courts possess discretion to permit jurisdictional discovery."[7] Indeed, "[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion."[8] Jurisdictional discovery is appropriate when "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."[9]

## BACKGROUND

In her complaint, Ms. Gregory alleges she used a stock photograph on her business's website, Vegas Food and Fun, which promotes Las Vegas attractions.[10] Ms. Gregory also alleges she used the photo for years before PFP sent her a letter stating PFP owned a copyright on the photograph, and demanding $30,000 in damages.[11] PFP demanded such a large sum because it only licenses its photographs through a $999-per-month subscription service—it does not license single photos or prorate

---

[7] *Finn v. Great Plains Lending, LLC*, 689 F. App'x 608, 610 (10th Cir. 2017) (unpublished) (citing *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002)).

[8] *B&D Dental Corp. v. KOD Co.*, No. 2:13-cv-236, 2013 U.S. Dist. LEXIS 151749, at *8 (D. Utah Oct. 22, 2013) (unpublished) (alteration in original) (quoting *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975)).

[9] *Finn*, 689 F. App'x at 610; *see also B&D Dental Corp.*, 2013 U.S. Dist. LEXIS 151749, at *8 ("This Court has discretion to order jurisdictional discovery where jurisdictional facts are in dispute or more factual basis is needed.").

[10] (Compl. ¶¶ 23–29, Doc. No. 2.)

[11] (*Id.* ¶ 30.)

damages even if an infringer only used one photograph.[12]  This "tying" scheme, Ms. Gregory alleges, is anti-competitive and constitutes copyright misuse.[13]  Ms. Gregory also claims she did not infringe on PFP's copyright, because the company for whom she was advertising was licensed to use the photo.[14]  And even if the company was not licensed, Ms. Gregory alleges, she is an innocent infringer because she believed the company was licensed to use the photo.[15]  Ms. Gregory seeks a declaratory judgment on these three bases.[16]  As relevant here, in her complaint, Ms. Gregory states this court has personal jurisdiction over PFP because PFP "licenses its copyrighted works in the state of Utah and has sent false claims of infringement into this state in an effort to obtain payments from residents of Utah."[17]

PFP filed a motion to dismiss, arguing this court lacks personal jurisdiction over it, and asserting Ms. Gregory's argument that PFP has sent infringement claims in Utah

---

[12] (*Id.* ¶¶ 20–21.)

[13] (*Id.* ¶¶ 46–52.)

[14] (*Id.* ¶¶ 32–39.)

[15] (*Id.* ¶¶ 40–43.)

[16] (*Id.* ¶¶ 32–52.)

[17] (*Id.* ¶ 3.)

is incorrect.[18]  PFP further states it has had "no contacts with the State of Utah and has not in any way purposefully directed its activities at the residents of the State of Utah.[19]

Ms. Gregory then filed a motion for jurisdictional discovery, arguing she cannot fully respond to PFP's motion to dismiss without more information regarding PFP's conduct in Utah.[20]  Ms. Gregory states she has reason to believe Defendant has sent demand letters in Utah, which would support her argument that PFP has purposefully directed its activities at Utah residents.[21]  In support of her motion, Ms. Gregory states PFP has sued a Utah cattle ranch for copyright infringement, and while that case was brought in the Southern District of Florida, PFP sent a $30,000 demand letter to the Utah cattle ranch—just like PFP did to Ms. Gregory.[22]  Ms. Gregory also identifies another copyright infringement case PFP brought against a Utah company, but states she has been unable to obtain the demand letter PFP may have sent to the defendant.[23]  In light of the copyright claims and demands made against Utah

---

[18] (Mot. to Dismiss 9, Doc. No. 14.)

[19] (*Id.* at 9.)

[20] (Mot. 2, Doc. No. 16.)

[21] (*Id.* at 5–6.)

[22] (*Id.* (citing Ex. F to Def.'s Mot. to Dismiss, Decl. of Kacie Carballo ¶ 17, *Prepared Photos, Inc. v. Dry Lakes Ranch Beef, LLC*, No. 0:22-cv-61007 (S.D. Fla. July 8, 2022) (unpublished)).)

[23] (Reply re Mot. for Leave to Conduct Jurisdictional Disc. ("Reply") 6, Doc. No. 19 (citing *Prepared Food Photos f/k/a Adlife Marketing & Comm'cns Co., Inc. v. DD Buffalo, LLC d/b/a Buffalo Run Ranch*, No. 9:21-cv-81878 (S.D. Fla. Oct. 6., 2021) (unpublished)).)

companies, Ms. Gregory argues PFP's motion to dismiss is "materially misleading" to the extent PFP denies it has directed its actions at Utah.[24]  Ms. Gregory contends she cannot adequately defend against the motion to dismiss without discovering what actions PFP has directed at Utah, especially given the reasons to doubt PFP's factual assertions.[25]  If it turns out PFP has repeatedly engaged in copyright misuse in Utah, Ms. Gregory argues, this would support her argument that personal jurisdiction over PFP is proper because PFP purposefully directed its actions at Utah.[26]

PFP responds that jurisdictional discovery would be futile, because even if PFP has engaged in other copyright misuse activities in the State of Utah, the court would still lack general or specific personal jurisdiction over PFP.[27]  PFP contends the court cannot have general jurisdiction over it, since the parties do not dispute that PFP is incorporated in Florida, which is also PFP's principal place of business.[28]  Accordingly, to exercise personal jurisdiction over PFP, the court must have specific jurisdiction, which can only exist if Ms. Gregory's claims "arise out of or relate to the defendant's contacts with the forum."[29]  PFP argues Ms. Gregory cannot base personal jurisdiction

---

[24] (Mot. 7, Doc. No. 16.)

[25] (*See* Reply 8, Doc. No. 19.)

[26] (*Id.*)

[27] (Opp'n, Doc. No. 18 at 3–7.)

[28] (*Id.* at 5.)

[29] (*Id.* (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 141 S. Ct. 1017, 1026 (2021).)

on demands made to other Utah companies, because her claims do not arise from those demands—they arise from the demand PFP sent Ms. Gregory (which PFP contends was targeted at her Nevada website, not Utah).[30]  PFP therefore contends jurisdictional discovery into other copyright demands it has sent in Utah would be futile, because these irrelevant contacts cannot establish personal jurisdiction.[31]

## ANALYSIS

PFP is correct that because it has contested personal jurisdiction in a motion to dismiss, Ms. Gregory must show the court has either general or specific jurisdiction over PFP.[32]  And it is true that to prove specific jurisdiction, Ms. Gregory must show her claim arises out of PFP's contacts with Utah.[33]  But to prove specific jurisdiction, Ms. Gregory must *also* show PFP "purposefully directed its activities" at the forum state.[34]  The discovery Ms. Gregory seeks—evidence that PFP has engaged in copyright misuse activities in Utah—could support her argument that PFP purposefully directed its

---

[30] (*Id.*)

[31] (*Id.* at 6.)  PFP also argues Ms. Gregory has not identified with specificity what facts she seeks to discover.  (*Id.* at 4.)  Where Ms. Gregory asserts PFP has not been forthcoming about what actions it has taken in Utah, she cannot be expected to know exactly what facts she will discover—that is precisely the reason she seeks discovery. PFP's concerns about Ms. Gregory's jurisdictional discovery being a "fishing expedition" are addressed by this order's limitation that the discovery be confined to the jurisdictional question of whether PFP has purposefully directed its actions at Utah.

[32] *See Benton v. Cameco Corp.*, 375 F.3d 1070, 1074 (10th Cir. 2004).

[33] *See Ford Motor Co.*, 141 S. Ct. at 1025.

[34] *See Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1071 (10th Cir. 2008) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

7

activities at Utah.  PFP is contesting personal jurisdiction based on one part of the specific jurisdiction test, while ignoring that Ms. Gregory seeks discovery relevant to another part of the test.  Whether either part of the test is ultimately satisfied is not properly before the court—if PFP contends Ms. Gregory's claim does not arise out of PFP's contacts with Utah, it should (and did) make that argument on a motion to dismiss.[35]  To address this motion for jurisdictional discovery, the court need only determine whether Ms. Gregory seeks discovery relevant to contested jurisdictional facts.  She does.  Because the parties dispute whether PFP has purposefully directed

---

[35] (*See* Mot. to Dismiss 8–11, Doc. No. 14.)

its activities at Utah, Ms. Gregory is entitled to discover whether PFP has engaged in other copyright misuse activities in Utah.

## CONCLUSION

Ms. Gregory seeks limited discovery relevant to the contested jurisdictional question of whether PFP purposefully directed its activities at Utah. Accordingly, Ms. Gregory's motion[36] is granted in part[37] and the court orders as follows:

1. Ms. Gregory may conduct written discovery regarding the jurisdictional issue of whether PFP has purposefully directed its actions at Utah.

2. Ms. Gregory may take a single deposition, restricted to the jurisdictional issue of whether PFP has purposefully directed its actions at Utah.

3. Ms. Gregory must complete this jurisdictional discovery by May 20, 2024.

DATED this 21st day of March, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[36] (Doc. No. 16.)

[37] The motion is denied as moot to the extent it seeks a stay of Ms. Gregory's response deadline for the motion to transfer venue, because the court already stayed the deadline. (*See* Docket Text Order, Doc. No. 17.) As explained in the cited docket text order, Ms. Gregory's deadline to respond to the motion to transfer venue is now June 3, 2024, fourteen days after the close of the jurisdictional discovery period.