Randall B. Bateman (USB 6482)
BATEMAN IP
299 South Main Street, Suite 1300
Salt Lake City, UT 84111
(801) 533-0320
rbb@batemanip.com; nml@batemanip.com

*Attorneys for Plaintiff Jennifer Gregory*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| JENNIFER GREGORY, and individual, d/b/a VEGAS FOOD AND FUN,<br><br>Plaintiff,<br>vs.<br><br>PREPARED FOOD PHOTOS, INC., f/k/a/ Adlife Marketing & Communications Co, Inc.<br><br>Defendant. | **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR IN THE LATERNATIVE TRANSFER VENUE FOR LACK OF PERSONAL JURISDICTION**<br><br>Case No. 1:23-cv-00111-HCN<br><br>Judge Howard C. Nielson, Jr. |

COMES NOW Plaintiff, Jennifer Gregory, d/b/a Vegas Food and Fun, and hereby opposes Defendant's Motion to Dismiss or In the Alternative Transfer Venue for Lack of Personal Jurisdiction.

**FACTUAL BACKGROUND**

Defendant Prepared Food Photos, Inc., f/k/a Adlife Marketing & Communications Co, Inc., has a long history of abusive copyright litigation. In discussing the tactics which Adlife's counsel uses to extort copyright defendants, the United States District Court for the Northern District of New York stated:

More specifically, he has continued to request attorney's fees and statutory damages at rates that he has been directly advised are unreasonable and legally baseless. He is not only deceiving the court with this practice but further is at times unjustly recovering expenses from infringing defendants in excess of what is reasonable to deter further infringement. Moreover, the similarly [sic] between his conduct in this case and past conduct for which he has been admonished supports an inference of bad faith. In the interest of deterrence, and in the interest of ensuring public knowledge of Liebowitz's misconduct, the Court finds that a sanction of $1,000 is warranted in this case.[1]

The Court went on further to note:

The Court notes Adlife's continued use of an attorney who has little respect or knowledge of local procedures, violates court orders, lies under oath, and is continuously sanctioned for frivolous lawsuits. Adlife is known for being litigious and has been represented by LLF in at least 41 proceedings since 2018. *See MyWebGrocer, Inc. v Adlife Mktg. & Communications Co., Inc., 383 F. Supp. 3d 307, 309, 314 (D. Vt. 2019)* (where Adlife was accused of "copyright trolling" and seeking to "recover money from persons who may actually owe it little or nothing.")[2]

The Court also noted the unreasonableness of Adlife's demands:

Once again, Liebowitz is clearly aware of the law in this area, as he has recently been denied a request for $30,000 in statutory fees for the infringement of a single photograph. *See Stridiron, 2019 U.S. Dist. LEXIS 103805,* 2019 WL 2569863, at *3 (noting a lack of support for maximum statutory damages, and stating that "courts have found the statutory minimum of $750 to be a more appropriate award" for the infringement of a single photograph when a plaintiff does not provide any evidence supporting a higher amount); cf. *Baker,* 431 F. Supp. 2d at 363 (imposing sanctions under the court's inherent authority for an improper and unreasonable claim of actual damages, finding it significant that the attorney was "clearly aware of the law").[3]

While Adlife changed its name to Prepared Food Photos, its litigation tactics did not change. Since 2021, Prepared Food Photos has filed approximately 230 lawsuits against

---

[1] *Adlife Mktg. & Comms. Co. v. Buckingham Bros, LLC*, 2020 U.S. Dist. LEXIS 148755 at *26 (N.D.N.Y. August 18, 2020)
[2] *Id.* at *26, n. 10.
[3] *Id.* at *20.

companies that have used its photographs.[4] Many of these companies may not even owe anything as Adlife initially made its photographs available on various stock services for very low fees.[5] Adlife then registered its copyrights, canceled its contracts with the stock photograph websites and began limiting access to its photographs to those willing to pay a $999 per month fee for access to all of the photographs in its database.[6]

Prepared Food Photos has been actively pursuing those using its photographs, apparently not having kept records of those who already had licenses to use the works[7] and frequently demands $30,000 for use of a single photograph despite having been repeatedly told by the Courts that such an amount is unreasonable.[8] Moreover, Prepared Food Photos uses its $999 monthly subscription fee for all of its photographs to suggest to alleged infringers that an actual damages award could be in excess of $30,000 even for use of a single photograph for which statutory damages are unavailable.

In the present case, Defendant's counsel initially demanded $30,000 and attempted to use its licensing scheme as justification for a damages award:

---

[4] Exhibit A, Pacer Logs of Prepared Food Photos litigation.

[5] Public Citizen, Consumer Law & Policy Blog, New trolls on the block: Prepared Food Photos and Daniel DeSouza / CopyCat Legal, a copy of which is attached hereto as Exhibit B. *See also Mywebgrocer, Inc. v. Adlife Mktg. & Communs. Co.,* 383 F. Supp. 3d 207, 314 (D. VT. 2019*)("*For purposes of a motion to dismiss, these facts are sufficient to establish that [Adlife] is alleged to be engaged in a scheme of deceptive practices in which it seeks to recover money from persons who may actually owe it little or nothing.")

[6] Public Citizen, Exhibit B, *Id*.; *Adlife Mktg. & Comms. Co. v. Buckingham Bros, LLC*, 2020 U.S. Dist. LEXIS 148755 at *20.

[7] It is believed that Circus Circus in Las Vegas, Nevada, has been licensing the photograph in dispute since 2013 and Ms. Gregory obtained the work from Circus Circus's website to promote that casino.

[8] *Adlife Mktg. & Comms. Co. v. Buckingham Bros,* 2020 U.S. Dist. LEXIS 148755 at *26.

Using the above cases as a guide, please keep in mind that our client exclusively operates on a subscription basis. This means that access to one (1) photograph costs the same as access to the entire library of photographs. Our client makes its library available for $999.00 per month (https://preparedfoodphotos.com/featured-subscriptions/) with a minimum subscription of twelve (12) months https://preparedfoodphotos.com/terms.of.use.php. Thus, irrespective of how long you utilized the subject photograph, the *minimum* license fee that would have been owed is $11,988.00 ($999.00 x 12 months).

Consistent with the above legal authority, we believe a 3x multiplier (as punishment/deterrent effect) is appropriate, resulting in statutory damages of $35,964.00 (*for each annualized licensing period*). If your display of the aforementioned Work was for more than 1 year, then *each month* thereafter would increase our client's actual damages by $999.00 which, when trebled, would result in additional statutory damages of $2,997.00. Note that the above does not take into account any award of costs or prevailing party attorneys' fees).[9]

Ms. Gregory offered to settle for $750 consistent with the case cited above and provided a check made out to Defendant's law firm Copycat Legal.[10] While Defendant claims that Ms. Gregory's counsel hid the fact that Ms. Gregory was an individual,[11] Defendant's counsel[12] had been corresponding with Ms. Gregory directly for six weeks prior to Ms. Gregory retaining Utah counsel. Moreover, the settlement check was drawn on Ms. Gregory's personal bank account and had Ms. Gregory's name and address in Kaysville, Utah.[13]

---

[9] July 7, 2023, Letter of Lauren Hausman, Exhibit C (Emphasis in original).

[10] A redacted copy of the check is attached as Exhibit D. True to its long history of ignoring the rules, Prepared Food Photos argues in its motion that Ms. Gregory admitted infringement. Apparently Prepared Food Photos and its counsel believes that it is exempt from Rule 408 of the Federal Rules of Evidence.

[11] Defendant's Motion to Dismiss or in the Alternative Transfer Venue for Lack of Personal Jurisdiction (Dkt. 14) ("Motion to Dismiss"), p. 6.

[12] References herein to "Defendant's counsel" refer to counsel in Florida and not to Defendant's Utah counsel.

[13] Exhibit D.

There can be no dispute that Defendant's counsel was aware that its actions were being targeted at a Utah resident after the settlement offer. In declining the settlement offer, Defendant counsel stated:

> While I understand the points you have raised regarding jurisdiction, if we cannot resolve the matter, my client may opt to file a lawsuit. If it has to be in Utah, so be it.[14]

Knowing that Ms. Gregory was an individual residing in Utah and that Ms. Gregory's counsel was in Utah, Defendant's counsel continued to advance its settlement demands based on improper tying. Defendant's counsel rationalized its demand for $17,125 based on Defendant's licensing scheme:[15]

> My client's licensing structure is to license its whole library for $999/month, with a 12-month minimum. It does not prorate, nor would it divide the cost of licensing per photo. Even if we assume arguendo that your client is an innocent infringer, that would not matter if my client were to elect actual damages. The photograph was used from at least November 2022 till July 2023. As I mentioned, my client does not pro-rate so we would be looking at a year of lost licensing.[16]

Thus, there is no dispute that Defendant's counsel was completely aware that she was directing a settlement demand into Utah. To the contrary, Defendant's counsel was clear Defendant was willing to pursue litigation in Utah. This was weeks before Ms. Gregory filed suit. Thus, the lawsuit arises from Defendant's acts which were specifically targeted at Utah.

Unfortunately, the attempt to use a tying arrangement to inflate settlement terms with Ms. Gregory does not appear to be Defendant's first attempt to extort excessive

---

[14] September 19, 2023, email of Lauren Hausman, Exhibit E.
[15] *Id.*
[16] *Id.*

5

settlement fees against Utah residents.  In its motion, Defendant argues that "Defendant has no contacts with the State of Utah and has not in any way purposely directed its activities at the residents of the State of Utah."[17]  Thankfully, the Court permitted jurisdictional discovery.  Despite what Prepared Foods Photos claimed in its brief, since 2016 Alife/Prepared Food Photos has sent demand letters into the state of Utah on at least 37 occasions.  In 2016, Adlife sent two different demand letters to Alliance Health Networks, and at least one each to Associated Food Stores, Clearing Space by Design, Foodell, Inc., Harley & Buck's Great American Cuisine, Herald Communications, JMH Premium, Petersons Fresh Market, Rocky Mountain Fine Foods, JThermoworks, Inc. Walker Edison Furniture Com and Wasatch Food Services, LLC, all in Utah.[18] Adlife also filed a suit in Utah Federal Court against Peterson's Fresh Market for copyright infringement.[19]

In 2019, Prepared Food photos sent a demand letter to each of the following companies in Utah, Buffalo Run Ranch, Meridian Magazine, Caley's Catering & Events, and ACR International.  In 2020, Prepared Food Photos sent a demand letter to Lee's Marketplace in Utah.  In 2021, Prepared Food Photos sent demand letters to Big Daddy's

---

[17] Defendant's Motion to Dismiss Or In the Alternative Transfer Venue for Lack of Personal Jurisdiction, (Dkt. 14), P. 9.
[18] Exhibit F – Demand Letters Produced by Prepared Food Photos.
[19]  United States District Court for the District of Utah, 2:2018-cv-00019-TC.

Direct, Utah Education Network, Intermountain Healthcare, University of Utah Health, and Dry Lakes Ranch Beef.[20]

In 2022, Prepared threated to sue The Company Grill, Nutriex, LLC, and 8coupons Inc. In 2023, it sent demand letters to Easy Chef's One Million Recipes and Spoons & Spice in Utah. In 2024, it sent a demand letter to Utah's Hub Pizza Company.[21]

Of the companies cited above, at least Buffalo Run Ranch, University of Utah Health, Dry Lake Beef, Nutriex, Spoons and Spice, and the Hub Pizzas company received demand letters which, like the demands to Ms. Gregory, sought grossly excessive compensation for the alleged copyright infringements based on a tying arrangement between the allegedly infringed photographs and other photographs for which the alleged infringer would not need a license.[22] The courts of Utah have an interest in ensuring that its companies are not extorted to pay excessive fees for photographs due to Prepared Food Photos improper tying arrangement.

## ARGUMENT

### I. THE COURT HAS JURISDICTION OVER PREPARED FOOD PHOTOS

Under Utah's long-arm statute, it is the intent to "ensure maximum protection to citizens of this state" and the courts are to "assert jurisdiction over nonresident defendants to the fullest

---

[20] Exhibit F.
[21] Id.
[22] Approximately 30 of the demand letters were sent from "Adlife" and demanded $8,000 for a photograph the courts had indicated were reasonably worth $750. The remaining letters were sent by Copycat Legal and demanded payment of $30,000 for a similar image.

extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution.'"[23].  Thus, the traditional two-step jurisdictional analysis effectively collapses into 'a single question: does the defendant have sufficient "minimum contacts" with Utah to establish personal jurisdiction.[24]  In other words, were the contacts with Utah such that "a defendant should reasonably anticipated being hailed into court there."[25]

### A. The Claim Arises Out of Prepared Food Photos Utah Contacts.

The Court has jurisdiction over Prepared Food Photos because Plaintiff's claims "arise out of or relate to the defendant's contacts with the forum."[26]  While Prepared Food Photos initially contacted Ms. Greggory at the Nevada mailing address, it continued to make its improper settlement demands after learning that Ms. Gregory lives in Utah.  Even after receiving the settlement check identifying Ms. Gregory's home address and communicating with her Utah attorney, Prepared Food Photos continued to demand amounts far in excess of what prior courts had told Adlife/Prepared Food Photos were reasonable for a stock image such as that allegedly infringed by Ms. Gregory.  Prepared Food Photos made their improper demands and even stated in the same letter that <u>they were fine with pursuing litigation in Utah</u>.  This was after Ms. Gregory's counsel had pointed out the case law criticizing Prepared Food Photos under its prior name and awarding sanctions against its attorney for frivolous assertions regarding the value of

---

[23] *Larada Scis., Inc. v. Pediatric Hair Sols. Corp.*, No. 2:18-cv-00551-RJS-JCB, 2023 U.S. Dist. LEXIS 27652, at *33 (D. Utah Feb. 16, 2023) (quotations omitted)
[24] *Id.*
[25] *Xmission, L.C. v. Fluent Ltd. Liabl. Co.,* 955 F.3d 833, 839-40 (10th Cir 2020) (internal quotations omitted).
[26] *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1026, 209 L. Ed. 2d 225 (2021).

its copyrights.[27] Despite their client having been warned repeatedly that is valuations of its copyrights were unreasonable for the same type of photograph Ms. Gregory allegedly infringed, Prepared Food Photos continued making is extortionary demands into the state of Utah and it made clear that it was fine with suing her in Utah.[28] The assertion now that Prepared Food Photos "had no knowledge of where Plaintiff's purported injury would be felt"[29] can simply not be made in good faith. "If it has to be in Utah, so be it"[30] is abundantly clear. The misleading statements in Prepared Food Photo's motion to dismiss are amusing at best and consistent with Adlife/Prepared Food Photos' well-documented history of litigation abuse at worse. Prepared Foods should have anticipated being hauled into court in Utah.

      B. Prepared Food Photos Has More Than Sufficient Contacts with Utah For Personal Jurisdiction

Despite its initial claims to the contrary, Prepared Food Photos has ample contacts with Utah to justify personal jurisdiction. Sending more than 37 letters demanding settlements well in excess of what the courts have previously told Prepared Foods Photos were reasonable should put one on notice that they are likely to be hailed into court in Utah. Likewise, a large number of the letters also offered licenses. Prepared Food Photos was selling its services in Utah. Moreover, at least seven of the letters were from Copycat Legal and attempted to inflate the value of the copyrights by improperly tying the value of one photograph to licensing other

---

[27] *Adlife Mktg. & Comms. Co. v. Buckingham Bros,* 2020 U.S. Dist. LEXIS 148755 at *12, 17-
[28] Exhibit E.
[29] Motion to Dismiss (Dkt. 14), p. 10.
[30] September 19, 2023, email of Lauren Hausman, Exhibit E.

9

photographs for which Prepared Food Photos owned copyrights.  Prepared Food Photos illegal tying scheme was very much directed "at the residents of the State of Utah."[31]

The courts of the State of Utah have every right to protect the citizens of Utah from companies that routinely make frivolous demands about the value of their copyrighted images even after having been judicially sanctioned for such conduct.  Many small companies lack the knowledge about copyright valuations and lack the time or money to research about copyright trolls and how they use threatening tactics to coerce settlements which are far in excess of reasonable damages to turn pursuit of minor infringers into a business more profitable than actually using or licensing the works.  Prepared Food Products voluntarily came to Utah, they should have to defend their conduct here.

C. The Court Should Deny the Request for a Change of Venue

Even if the Court were to dismiss the case for a lack of personal jurisdiction, it should decline Prepared Food Photos' request to transfer the case to the Southern District of Florida.  Ms. Gregory has not consented to such a transfer and Defendants have made no showing that the Southern District of Florida has jurisdiction.  To the contrary, in the settlement proposal sent by Ms. Gregory's counsel on September 1, 2023, pointed out why the Florida courts would not have jurisdiction over Ms. Gregory.[32]

---

[31] *Id*. at p. 9 (emphasis added).
[32] Dkt. 14, Exhibit E.

D. Conclusion

Prepared Food Photos has directed its improper activities at Ms. Gregory and others in the State of Utah and this Court has jurisdiction to resolve the dispute created thereby.

DATED: June 3, 2023.

> BATEMAN IP
>
> /s/ Randall B. Bateman
> Randall B. Bateman
>
> 299 South Main Street, Suite 1300
> Salt Lake City, UT 84111
>
> *Attorney for Plaintiff Jennifer Gregory, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on June 3, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve Defendant's Counsel:

Robert E. Mansfield (6272)
Megan E. Garrett (11650)
MITCHELL BARLOW & MANSFIELD, P.C.
Boston Building, 9 Exchange Place, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 998-8888
Facsimile: (801) 998-8077
Email: rmansfield@mbmlawyers.com
       mgarrett@mbmlawyers.com

                                          /s/Randall B. Bateman